**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Alea R. Kennedy,<br><br>        Plaintiff(s),<br><br>vs.<br><br>Avanti Residential, LLC, *et al*.,<br><br>        Defendant(s). | **2:24-cv-00489-RFB-MDC**<br><br>**ORDER WITHDRAWING REPORT AND RECOMMENDATION (ECF NO. 6) AND TRANSFERING VENUE** |

Pending before the Court is plaintiff's Brief Showing Cause. ECF No. 5. The Court previously deferred addressing pro se plaintiff Alea R. Kennedy's Application to Proceed *In Forma Pauperis* ("IFP") and instead ordered plaintiff to file a brief showing cause why her Complaint should not be dismissed as duplicative and/or frivolous. ECF No. 4. The Court noted that plaintiff had filed numerous identical complaints in the District of Colorado.[1] *Id.* The Court ordered her to file her brief by May 1, 2024. *Id.* The Court warned plaintiff that failing to timely comply with the Order may result in a recommendation that her case be dismissed. *Id.* Plaintiff did not comply with the Court's Order (ECF No. 4) and respond by May 1, 2024. Plaintiff, however, untimely filed her Brief on May 3, 2024 (ECF No. 5), which was not uploaded until May 6, 2024, after the Court had drafted and uploaded its Report and Recommendation (ECF No. 6). The Court has considered plaintiff's response (ECF No. 5) and therefore withdraws its Report and Recommendation (ECF No. 6). The Court discusses its findings below and transfers the action to the District of Colorado.

//

//

---

[1] *Kennedy (PS) v. Modivcare Solutions, LLC*, Case No. 1:23-cv-03327-SBP; *Kennedy (PS) v. Greystar Real Estate Partners LLC et al*, Case No. 1:23-cv-03328-SBP; *Kennedy (PS) v. Priderock Capital Partners, LLC*; Case No. 1:23-cv-03331-SBP; *Kennedy (PS) v. Transcat, Inc.*, Case No. 1:23-cv-03332-SBP; *Kennedy (PS) v. American Lighting Inc*, Case No. 1:23-cv-03334-SBP; *Kennedy (PS) v. Greystar Real Estate Partners, LLC et al*, Case No. 1:23-cv-03426-SBP; *Kennedy (PS) v. Apartment Investment Management Co.*, Case No. 1:24-cv-00696-SBP; *Kennedy (PS) v. Greystar Real Estate Partners et al*, Case No. 1:24-cv-00702-SBP*; Kennedy (PS) v. Cushman Wakefield, Inc. et al*, Case No. 1:24-cv-00703-SBP

# DISCUSSION

Upon review of plaintiff's Brief (ECF No. 5), the Court notes that plaintiff alleges that "the filing of this Complaint was sabotaged; and the Complaint directed to the incorrect jurisdiction." ECF No. 5 at 2. "Plaintiff prays leave from this Court to rectify the filing and move the Honorable Court for Removal of this action to the appropriate jurisdiction." The Court construes plaintiff to brief as a Motion to Transfer Venue. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("A document filed pro se is 'to be liberally construed.'").

## I. BACKGROUND

Plaintiff brings this case against Avanti Residential, LLC, a Delaware Corporation, and Avanti Residential – Fitzsimmons, LLC, which is located in Colorado. ECF No. 1-1 at 1. Plaintiff alleges in her Complaint (ECF No. 1-1) that defendants: (1) discriminated against her in violation of federal and state anti-discrimination statutes; (2) assumed plaintiff was disabled where no disability was present; (3) subjected plaintiff to medical treatment by unlicensed practitioners; (4) compromised the leasing contract; (5) retaliation; and (6) committed gene theft. Plaintiff alleges defendants' conduct occurred while she was residing in Forum Fitzsimmons, located in Aurora, Colorado. *Id.*

The Court noted that plaintiff's Complaint was near identical to numerous complaints she had filed in the District of Colorado. ECF No. 4. The Court also noted that plaintiff's complaint seemed to contain frivolous allegations. *Id.* The Court ordered plaintiff to file a brief showing cause why her action shouldn't be dismissed as duplicative and/or frivolous. *Id.* Plaintiff filed a brief which primarily requested that her case be transferred to the appropriate jurisdiction, which she suggests is the District of Colorado. ECF No. 5.

## II. LEGAL STANDARD

Federal Courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. See *Rasul v. Bush*, 542 U.S. 466, 489, 124 S. Ct. 2686, 159 L. Ed. 2d 548 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising

under the Constitution, laws, or treaties of the United States." This is referred to as federal-question jurisdiction. Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases where the matter in controversy (1) exceeds the sum or value of $75,000 **and** (2) is between citizens of different states.

Under 28 U.S.C. § 1391, a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). Pursuant to 28 U.S.C. § 1406, the if venue is improper, the district court of that venue must either dismiss the case or, if it in the interest of justice, transfer the case to any district or division in which the case could have been brought. 28 U.S.C. § 1406(a). The district court has discretion to "adjudicate motion for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d495, at 498 (9th Cir. 2000); see also 28 U.S.C. § 1404(a). The district may also transfer venue "upon motion, consent, or stipulation of all parties." 28 U.S.C. § 1404(b).

### III.   ANALYSIS

The Court considers plaintiff's Brief (ECF No. 5). The Court construes plaintiff to brief as a Motion to Transfer Venue. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("A document filed pro se is 'to be liberally construed.'"). The Court also considers whether Nevada is a proper venue for this action. The Court finds, that regardless of plaintiff's Motion to Transfer (Brief, ECF No. 5), there is sufficient cause to transfer the case to the District of Colorado. First, defendants do not reside in Nevada. Second, the Complaint (ECF No. 1-1) provides no connection to this District with respect to the events alleged. Instead, the allegations are centered in the District of

Colorado. Plaintiff alleges all events occurred while she was residing at Forum Fitzsimmons, which is in Aurora, Colorado. ECF No. 1-1. Because the District of Colorado is an appropriate venue, the Court does not turn to the third venue factor. Therefore, none of the statutory provisions renders the District of Nevada a proper venue for this case. The Court will transfer the case to the District of Colorado. *See in re U.S. Dept. of Ed.*, 25 F.4th 692, 698-99 (9th Cir. 2022) (an order transferring a case to another federal venue is a non-dispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A)).

ACCORDINGLY,

IT IS ORDERED that:

1. The Report and Recommendation (ECF No. 6) is WITHDRAWN.
2. The Clerk of Court shall transfer this matter to the District of Colorado and that this case be closed.

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file a written notification with the court of any

change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 9th day of May 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge